Filed 7/14/26  Allen v. Vista Points CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| RANDALL BERNARD ALLEN, | B340898 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 21STCV25562 |
| v. | |
| VISTA POINTS, INC., | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Alison Mackenzie, Judge.  Affirmed.

Randall Bernard Allen, in pro. per., for Plaintiff and Appellant.

Ross Law and Robert Ross for Defendant and Respondent.

Randall Bernard Allen appeals from a judgment in favor of defendant and respondent Vista Points, Inc.  The trial court sustained Vista Points' demurrer to Allen's second amended complaint without leave to amend and then entered an order of dismissal.  We affirm.

## BACKGROUND

As the record on appeal is woefully inadequate, it is almost impossible for us to discern what events gave rise to this action, which has been pending for about five years.  According to the Los Angeles Superior Court's case register contained in the clerk's transcript, Allen filed a complaint in July 2021 against the City of Los Angeles, Pacific Life & Annuity Services, Inc. (Pacific Life), and Vista Points.  Allen filed a first amended complaint in August 2021 and a second amended complaint in January 2024.

From documents Allen attached to his opposition to Vista Points' demurrer to his second amended complaint, it seems Allen—represented by counsel–entered into a settlement agreement (apparently with the City of Los Angeles) in 2017.  A "Qualified Assignment and Release Agreement" dated August 11, 2017 lists Allen as the claimant, the City of Los Angeles as the assignor, and Pacific Life as the assignee.  The document was signed by a deputy city attorney, representatives of Pacific Life, and Allen and his counsel.  Vista Points was not a party to the agreement.  One check "was paid directly to [Allen] and [his attorneys]" and a second check "was apparently directed to purchase an Annuity from Pacific Life."

Another document Allen attached to his opposition is entitled, "Joinder Agreement for the California Pooled Trust." Allen is listed as both the grantor and the beneficiary.  His

counsel is listed as his "legal representative."  A Vista Points document dated April 30, 2024, states Allen "established a relationship with Vista Points" in May 2018.  "As a result of [that] relationship," proceeds from Allen's annuity with Pacific Life went "directly to [his] account" with Vista Points, and Allen received monthly payments from the annuity.

Neither Allen's opening brief nor his reply brief contains any citations to the record.  Allen's briefing is largely unintelligible.  He refers to the Social Security Administration having cut off his benefits in December 2020.  Among many other allegations, Allen asserts the following:  Vista Points failed to petition the federal court "to become the successor trustee"; Vista Points refused to let him use funds from his trust to pay expenses for his graphic design business; the court pressured him to accept a settlement offer from "defendant" and told him "he would not recoup all of his funds and would take a loss"; law enforcement agencies are harassing him and "[t]here have been deep fake videos and cloned voice statements circulated on social media platforms"; and "migrants" "have illegally obtained his cell phone information" and are "follow[ing]" him.

According to the case register, Vista Points filed a demurrer to Allen's first amended complaint on November 9, 2021.  On October 3, 2023, the court sustained the demurrer with leave to amend.[1]  On January 17, 2024, Allen filed a second amended complaint.  The appellate record does not contain any of the three complaints.  The clerk's transcript—as noted—

---

[1]    It is unclear what transpired in the almost two years between Vista Points' filing of its demurrer and the court's ruling on it.

does include Allen's opposition to Vista Points' demurrer to the second amended complaint. Attached to that pleading are three pages of what appear to be Judicial Council forms. The first is entitled "Breach of Contract," the second "Breach of Trust (Fiduciary Duty)," and the third "Intentional Infliction of Emotional Distress." The second and third pages—though purporting to allege tort claims—are on the Judicial Council form for breach of contract, with "breach of contract" replaced with the names of the other two causes of action. It is unclear if these three pages are part of the second amended complaint Allen filed or proposed to file.

The trial court heard argument on the demurrer on August 21, 2024. It then sustained the demurrer without leave to amend. There is no reporter's transcript of the hearing. A minute order states the basis for the court's ruling.

The court noted it previously had sustained a demurrer by Pacific Life without leave to amend. The court stated the second amended complaint alleged five causes of action: breach of contract, breach of trust, violation of Probate Code section 17200, "failure to disclose," and intentional infliction of emotional distress.[2] The court recited the requirements for a demurrer. The court then stated,

> "Per the December 15, 2023, Minute Order, the Court found that the [First Amended Complaint] was uncertain as to how the entity Defendant, as a trust administrator, acted

---

[2] This list of five causes of action suggests the pleadings on the Judicial Council form were for an earlier version of Allen's complaint.

4

under color of state law, such as by conspiracy or joint action. . . .  The Court additionally found that the contract provisions alleged to be breached were not specified in the pleading. . . .  [¶] The [Second Amended Complaint] does not cure the deficiencies identified by the Court.  While the SAC drops the Section 1983 claim, it fails to sufficiently plead a cause of action for breach of contract.  For example, the SAC does not sufficiently allege breach because it does not allege what sections of the parties' agreement were violated by the Defendant.  Instead, the SAC alleges that Plaintiff became ineligible for disability, thus rendering the trust illegal to possess. . . .  This does not allege a breach because it does not plead any specific facts indicating a breach.  *Melican v. Regents of Univ. of Cal.* (2007) 151 Cal.App.4th 168, 174.  Based on this, the cause of action for breach of contract cannot survive on demurrer."

The court also found the remaining causes of action "fail due to uncertainty and for failure to state the claim."  The court concluded leave to amend "would not be appropriate" because Allen had not met his burden to "show[ ] that he can amend the complaint and how that amendment will change the legal effect of his pleading."

Allen appealed.  On his Notice Designating Record on Appeal, Allen seems to have checked box 2.a. but then scribbled out his checkmark.  Box 2.a. provides, "I choose to proceed [¶] WITHOUT a record of the oral proceedings . . . in the superior

5

court. I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings." Allen then checked box 2.b(1)(c), which said he would proceed with a reporter's transcript. Box (c) states the appellant has "[a]ttached the reporter's written waiver of a deposit under rule 8.130(b)(3)(A)," but no written waiver was attached.

On May 12, 2025, Allen filed another Notice of Designation form. He checked box 2.a. that he was proceeding without a record of the oral proceedings in the superior court. Allen left blank all of box 2.b., which addressed agreed statements and settled statements.

## DISCUSSION

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) The appellant has the burden of providing an adequate record. Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)

Allen has wholly failed to meet his burden of providing an adequate record for review. The clerk's transcript is missing most of the key documents, including his second amended complaint and Vista Points' demurrer to it. Allen also has failed to provide a reporter's transcript or a permissible substitute of the August 21, 2024 hearing. (See Cal. Rules of Court, rule

6

8.120(b).)[3]  "Where no reporter's transcript has been provided . . . it is presumed that the unreported trial testimony would demonstrate the absence of error."  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992, citing *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 153–154.)

Moreover, as noted, Allen's briefs contain no citations to the record.  An appellant " 'must present an adequate argument including citations to supporting authorities and to relevant portions of the record.' "  (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620, quoting *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557 (*Yield Dynamics*).)  Accordingly, the California Rules of Court expressly require appellate briefs to state each point and support each point by argument and, if possible, by citation of authority, and to support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.  (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Kilrain*, at p. 620.)

While we are mindful Allen is representing himself on appeal, he is "to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."  (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.  See also *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204–205 [same rules requiring appellant to provide adequate record

---

[3]  Rule 8.120(b) provides, "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following:  (1) A reporter's transcript under rule 8.130; (2) An agreed statement under rule 8.134; or (3) A settled statement under rule 8.137."

apply to a party appearing in propria persona as to any other party].)

As Allen has failed to demonstrate prejudicial or reversible error based on sufficient legal argument supported by citation to an adequate record, we affirm. (*Yield Dynamics, supra*, 154 Cal.App.4th at pp. 556–557.)

## DISPOSITION

We affirm the judgment in favor of Vista Points, Inc. The parties shall bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, Acting P. J.

We concur:

HANASONO, J.

OCHOA, J.\*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8